IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yunnan Lamujia Agricultural Technology Co., Ltd. d/b/a Lianjindun and Putian Xuanchao Sports Goods Co., Ltd d/b/a Coelineao,<br><br>    Plaintiff,<br>v.<br><br>Yu Chen,<br><br>    Defendant. | Case No. 25-cv-8022 |

## COMPLAINT

Plaintiffs, Yunnan Lamujia Agricultural Technology Co., Ltd. d/b/a Lianjindun ("Lianjindun") and Putian Xuanchao Sports Goods Co., Ltd d/b/a Coelineao ("Coelineao") (collectively referred to as "Plaintiffs"), by and through their attorneys, ARONBERG GOLDGEHN DAVIS & GARMISA, hereby bring the present action against Yu Chen ("Defendant") and state as follows.

### I. JURISDICTION AND VENUE

1. Plaintiffs bring this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement with respect to U.S. Patent No. D988,941 S (the " '941 patent") (Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 is a true and correct copy of the '941 patent.

3. Exhibit 2 is a true and correct copy of the file history of the '941 patent.

4. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5. Defendant is an individual.

6. On information and belief, Defendant is a foreign national.

7. On information and belief, Defendant is a citizen of China.

8. On information and belief, Defendant's address is: No. 12, Group 4, Guanyin Temple Community, Lianhua Town, Xingwen County, Yibin, Sichuan, OT, China.

9. There is an actual and ongoing dispute between the parties arising from Defendant's allegation that Plaintiff's products infringe the '941 patent.

10. Personal jurisdiction is proper in this District because Defendant previously availed itself of this forum by doing business in this jurisdiction selling products allegedly covered by the patent at issue and by filing a lawsuit in the Northern District of Illinois on October 19, 2024, alleging infringement of the '941 patent (case 24-cv-10813) naming Lianjindun and Coelineao as defendants.

11. Lianjindun and Coelineao were each dismissed due to misjoinder.

12. Defendant interfered with Plaintiffs' customers across the United States by filing the NDIL case (24-cv-10813) which accused Plaintiff's products of infringing the '941 patent.

13. This Court alternatively has personal jurisdiction over the Defendants under Rule 4(k)(2).

14. Venue is proper under 28 U.S.C. § 1391(b)(2) as this judicial district is one in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## II. PARTIES

15. Plaintiffs are a pair of Chinese companies that sell products in the U.S. particularly through Amazon.com.

    a) Plaintiff Name: Yunnan Lamujia Agricultural Technology Co., Ltd.

    a. Amazon Store Name: Lianjindun

    b. Amazon ASIN at Issue: B0CBJMPYZX

  b) Plaintiff Name: Putian Xuanchao Sports Goods Co., Ltd

    a. Amazon Store Name: Coelineao

    b. Amazon ASIN at Issue: B0CBJZF5V4

16. Defendant, Yu Chen, is an individual.

17. On information and belief, Yu Chen is a foreign national.

18. On information and belief, Yu Chen is a citizen of China.

19. On information and belief, Yu Chen maintains an address of: No. 12, Group 4, Guanyin Temple Community, Lianhua Town, Xingwen County, Yibin, Sichuan, OT, China.

20. Yu Chen is the named inventor of the '941 patent.

21. The '941 patent matured from US Patent Application No. 29/708,547.

### III. FACTS PERTAINING TO ALL CLAIMS

22. Plaintiffs sell safety frames for toilets on Amazon.com ("Plaintiff Product(s)").

23. The following is an excerpt screenshot of the product sold by Lianjindun with ASIN No. B0CBJMPYZX:



24. The following is an excerpt screenshot from the product sold by Coelineao with ASIN No. B0CBJZF5V4:



25. The following is an alternative image of Plaintiffs' product:



26. Plaintiffs' Products are popular on Amazon.com, and Plaintiffs advertise and sell the Plaintiff Products throughout the United States.

27. Amazon.com is the primary sales channel for Plaintiffs' Products.

28. To be competitive in the market of mobility accessories, it is critical that Plaintiff has access to the US market through Amazon.com.

29. On Information and belief, Defendant develops, markets, sells and distributes its products under the 'D941 Patent.

30. On Information and belief Defendant has and continues to widely market and promote its products in the industry and to consumers in Illinois. By way of example, but not limitation, they are promoted, marketed and sold on Defendant's authorized sellers' websites, social media sites, and on the Amazon platform all in Illinois.

31. As a result of Defendant filing the prior suit in the NDIL (24-cv-10813), Plaintiffs have the real and immediate apprehension that that Defendant will initiate complaints with Amazon to interfere with Plaintiffs' sales of its products, or that Defendant would bring another suit against Plaintiff for infringement.

32. Indeed, Defendant brought a second case in the Eastern District of Virginia, again naming each of Plaintiff's as defendants in that case (case 25-cv-0696).

33. Defendant voluntarily dismissed Plaintiffs from the 25-cv-0696 action.

34. On information and belief, Defendant filed suit against Plaintiffs in the Northern District of Illinois in the case of 24-cv-06135.

35. Defendant subsequently voluntarily dismissed all defendants from the 24-cv-06135 action.

36. In view of the Defendant's past behavior, Plaintiffs continue to maintain the immediate apprehension that Defendant will continue to interfere with Defendants and bring additional suits against Defendants.

## COUNT 1
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## U.S. PATENT NO. D988,941

37. Plaintiffs incorporate herein all of the foregoing paragraphs as though fully set forth.

38. The '941 patent is directed to an "ornamental design for a walker, as shown and described".

39. The '941 patent is a US Patent that was issued on June 13, 2023.

40. Plaintiffs' accused product is not confusingly similar to the design of the '941 patent such that an ordinary observer would not confuse one believing it to be the other.

41. The design of Plaintiffs' products is obviously different from the design claimed in the '941 patent.

42. For example, even a cursory review of the accused products reveals key design elements – the knobs – which are not claimed in the '941 patent.

43. The knobs in the accused products are indicated in the table below:



**FIG 1:** Knobs indicated in green on the product sold by Lianjindun

**FIG 2:** Knobs indicated in green on the product sold by Coelineao

44. The lack of knobs in the design claimed in the '941 patent is indicated in the table below:



**FIG 3**: Screenshot of FIG. 1 from the '941 patent showing an isometric view of the claimed design – the lack of knobs is indicated in red

45. Additionally, the accused products include two vertical bars between the back rails.

46. The design claimed in the '941 patent lacks the two vertical bar design elements which are located between the back rails.

47. The two vertical bars are indicated in the table below:



**FIG 4:** Two vertical bars are indicated in green on the product sold by Lianjindun

**FIG 5:** Two vertical bars are indicated in green on the product sold by Coelineao

48. The lack of two vertical bars is indicated in the table below:



**FIG 6:** Screenshot of FIG. 2 from the '941 patent showing the front view of the claimed design – the lack of the 2 vertical bars is indicated in red

49. The design claimed in the '941 patent lacks multiple key elements which are included in the accused products.

50. Given that the Plaintiffs' products contain differentiating elements not found in the design claimed in the '941 patent, the accused products do not possess the same overall ornamental appearance as the design of the '941 patent and cannot infringe on the '941 patent.

51. Plaintiffs are entitled to a declaratory judgment that the accused products do not infringe the '941 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1) That Judgment be entered in favor of Plaintiffs, finding that Plaintiffs have not infringed upon U.S. Patent No. D988,941 S.

2) A finding that this case is exceptional under 35 U.S.C. §285.

3) Awarding Plaintiffs their cost and reasonable attorney fees.

4) Enter an order enjoining Defendant or any other party working in conjunction with Defendant that has knowledge of the injunction from asserting infringement of the U.S. Patent No. D988,941 S or otherwise using Patent No. D988,941 S to interfere with Plaintiffs' business.

5) Awarding Plaintiffs any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 15, 2025

Respectfully submitted,

/s/ *Matthew De Preter*
Matthew De Preter
***One of the Attorneys for Plaintiff***

Matthew De Preter
Sofia Quezada Hastings
Karolina Jozwiak
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
shastings@agdglaw.com
kjozwiak@agdglaw.com